**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesus Roman LOMELI–MEDRANO,
Defendant–Appellant.**

No. 00–50622.

D.C. No. CR–00–01290–NAJ.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.[*]

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM [**]

Jesus Roman Lomeli–Medrano appeals the judgment entered by the district court following his conditional guilty plea to importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Lomeli–Medrano contends the district court erred by denying his motion to dismiss the indictment because the statutory scheme under which he was charged, 21 U.S.C. §§ 952 and 960, is unconstitutional following the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This contention is foreclosed by our recent decision in *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–10 (9th Cir.2002) (concluding that § 960 is not facially unconstitutional).[1],[2]

**AFFIRMED.**

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

[1]. Lomeli–Medrano additionally contends that the government was required to prove that he knew the type and quantity of the imported controlled substance. Lomeli–Medrano raises this contention for the first time in his reply brief, failing to properly present the claim. *See United States v. Wright*, 215 F.3d 1020, 1030 n. 3 (9th Cir.), *cert. denied*, 531 U.S. 969, 121 S.Ct. 406, 148 L.Ed.2d 313 (2000). Nonetheless, this contention is foreclosed by our recent decision in *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002).

[2]. All outstanding motions are denied.